# Appeal of Sarah Bigham.

In a proceeding to have the benefits in the real estate of a testator, devised to his widow, sequestered to compensate a disappointed annuitant and

Cited in Sherman v. Baker, 20 R. I. 616, 40 Atl. 765, holding that where the widow renounces the bequest of a life estate made in lieu of dower, the remaindermen are not entitled to an enjoyment of the life estate until legacies intended to take effect at once can be made up.

NOTE:—The jurisdiction of the orphans' court to marshal the assets of a decedent's estate was upheld in Re Barklay, 10 Pa. 387. Exercise of the power, since BIGHAM'S APPEAL, is illustrated in Cummings' Estate, 153

disappointed legatees, *held,* that the benefits intended for the widow in the realty in this case should be sequestered.

*Held,* also, that the orphans' court has jurisdiction to marshal the assets of the testator and adjust the equities of the beneficiaries.

(Argued November 16, 1886.   Decided January 3, 1887.)

October Term, 1886, No. 79, before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.   Appeal from a decree of the Orphans' Court of Allegheny County in favor of petitioners in a petition to have real estate of a testator sequestered to compensate a disappointed annuitant and disappointed legatees.   Affirmed.

The facts sufficiently appear from the following statement prefatory to the opinion of the court below:

Daniel Davis died testate and without issue March 12, 1883. He devised and bequeathed to his wife, Mary Davis, his real estate and all his personalty (except legacies amounting to $3,000) for life, subject to the payment to his sister, Jane Hastings, of an annuity of $300 per annum during the life of his widow.   Subject to the life estate he devised his real estate to Mrs. Sarah Bigham.   He also bequeathed $4,000 of legacies payable at the widow's death, and one half of the residue of his personalty to Jane Hastings, and one half to the children of a deceased brother, to wit: Sarah D. Brown, Elizabeth D. Rolfe, Mary A. Davis, Josephine M. Davis, William H. Davis, and Daniel C. Davis.

His widow refused to take under the will, upon the audit of the executor's account and distribution of a portion of the personalty.   Three thousand eight hundred dollars, being the amount of the legacies payable at the widow's death after deducting the collateral inheritance tax of $200, were distributed to the Safe Deposit Company of Pittsburgh, as sequestrator to invest the same, and pay the income to Jane Hastings on account of her annuity; and the residuary legatees were required

Pa. 397, 25 Atl. 1125.   After distribution the court cannot act, unless in a proceeding for review.   Hand's Estate, 11 Pa. Dist. R. 148.   But where the estate has been settled, and a decree made against an insolvent executor and devisee, the court of common pleas, sitting in equity, may protect the disappointed devisees or legatees in an action for partition.   Armstrong v. Walker, 150 Pa. 585, 25 Atl. 52.

to give and gave security conditioned to pay such sum as should be legally charged upon their legacies to compensate Jane Hastings as a disappointed annuitant.

The income of the fund sequestered is not sufficient to pay the annuity; and Jane Hastings and the residuary legatees file this petition praying that the benefits intended for the widow in the real estate may be sequestered to compensate Mrs. Hastings as a disappointed annuitant and the residuary legatees as disappointed legatees. Mrs. Sarah Bigham, the devisee, answers, denying the jurisdiction of the court, that the residuary legatees are disappointed, and that the benefits intended for the widow in the real estate can be sequestered.

The following is the opinion of the court below, OVER, A. J.:

The testator charged the annuity of $300 given to his sister, Jane Hastings, during the life of his widow, upon both the income of his real and personal estate, which he devised to his widow for life. She, having refused to take under the will, takes one half of the personalty absolutely, and one half of the real estate for life free of this charge. Legacies aggregating $3,800, and which were payable upon the death of the widow, have been sequestered to pay the annuity.

The income derived from the investment of this fund is not sufficient to pay it in full; and there can be no doubt, under the authority of Young's Appeal, 32 Pittsb. L. J. 306, that the benefits intended for the widow in the realty must be sequestered to secure compensation to Mrs. Hastings as a disappointed annuitant; and if the residuary legatees be not entitled also to have these benefits sequestered to compensate them as disappointed legatees, the amount of the charge of the annuity on the real estate and sequestered legacies should be apportioned.

It is claimed by the respondent (1) that the residuary legatees are not disappointed; and (2) that, if they are, the benefits intended for the widow in the real estate cannot be sequestered to compensate them.

First. By the terms of the will the residuary legatees would receive at the widow's death all of the personalty remaining after the payments of the general legacies. But by her refusal to take under it they will receive less than one half. The enjoyment of that, however, is not postponed until her death. Whether or not they are disappointed by her election will depend upon

the duration of her life. She was sixty-eight years of age when the testator died, and under the Carlisle tables her probabilities of life were ten years and nine months, and under the American table eight years and six months. If the former be taken as the period when the residuary legatees would receive the whole of the residue as contemplated by the testator, the present value of their legacies at his death, discounting at 6 per cent per annum, would be 61 per cent of the whole amount, and of the latter $66\frac{1}{4}$ per cent; while under the rule of Dennison's Appeal, 1 Pa. St. 207, that the present value of a life estate, if one third of the whole estate, it would be $66\frac{2}{3}$ per cent. Instead of receiving this, however, they will receive less than 50 per cent of the amount the testator intended.

As the widow not only takes the one half of the residue they were to receive under the will, but also one half of the general legacies, $7,000, which are made whole out of the residuary estate, and decreases it to that extent, there can be but little doubt that they are disappointed legatees. But as the duration of the widow's life can only be approximated, if they would be entitled as disappointed legatees to have the benefits intended for her in the real estate sequestered for them, so much of the income as remains after the payment of Mrs. Hastings's annuity can be appointed claimants, and it is a trust in the widow for their bendistributed to the persons entitled thereto.

Second. The widow, under the intestate laws, takes a life estate in one half the realty; and there remains the life estate, created by the will, in the other half, which she refuses to accept. The devisee of the remainder is not entitled to it if there be disappointed claimants, and it is a trust in the widow for their benefit. Gallagher's Appeal, 87 Pa. 201.

Then if the residuary legatees be disappointed, it should be sequestered to secure compensation to them, which would carry out the intention of the testator that the devisees' enjoyment of her devise should be postponed until the widow's death. It is true, this would give them a fund arising out of the realty, in which the will gives them no interest. But all the benefits intended for the widow are a trust for the disappointed claimants, and it would be very inequitable to allow the respondent as devisee to profit by the widow's election while the residuary legatees were injured. Moreover, in Sandoe's Appeal, 65 Pa. 314, and McReynolds v. Counts, 9 Gratt. 242, the benefits intended for the

widow in the real estate were sequestered to compensate legatees; and in VanDyke's Appeal, 60 Pa. 481, where legacies were given to the daughters, and real estate in New Jersey to the sons, the will being so executed that the devisees were inoperative, the sons were compensated as disappointed devisees out of the legacies.

It seems clear, then, upon reason and authority, that if the residuary legatees be disappointed, the benefits intended for the widow in the realty should be sequestered to compensate them. That this court has jurisdiction to marshal the assets of the testator and adjust the equities of the beneficiaries is well settled. *Re* Barklay, 10 Pa. 390.

A sequestrator will, therefore, be appointed and directed to invest so much of the income as remains after the payment of Mrs. Hastings's annuity until the death of the widow, when the equities of the parties can be accurately adjusted and the fund distributed.

The following decree was entered:

And now, to wit: February 17, 1886, this matter came on to be heard upon the petition of Jane D. Hastings *et al.,* answer, replication, and testimony taken, and was argued by counsel; and thereupon, upon consideration thereof, it is ordered and decreed that the benefits intended under the will of the testator, Daniel Davis, deceased, for his widow, Mary Davis, in his real estate, consisting of a tract of 9 acres and 26 perches in the borough of Mansfield, Allegheny county, Pennsylvania, on which is erected a mansion house, and a lot of ground in the thirtieth ward, city of Pittsburgh, fronting 48 feet on the north side of Carson street and extending in depth 100 feet to Chestnut street, on which are erected two brick houses, be sequestered to secure compensation to the disappointed claimants under the said will, and the Safe Deposit Company of Pittsburgh is hereby appointed sequestrator thereof, and is hereby ordered and directed to take possession of the undivided one half of said real estate, and to collect the rents and income thereof, and after paying Mrs. Jane Hastings so much thereof as may be necessary, in addition to the amount paid her from the income of the sequestered legacies to satisfy her annuity in full, to invest the remainder of the rents and income until the death of Mrs. Mary Davis, and Mrs. Sarah Bigham is ordered and directed to forth-

with account for and pay to said sequestrator the rents and income received by her from the undivided one half of said real estate.

Sarah Bigham filed, *inter alia*, the following exception:

2. The court erred in not finding that the residuary legatees had received their shares upon distribution, and had thereby concluded themselves in this proceeding.

After hearing on the exceptions, the court, OVER, A. J., delivered the following opinion:

In dismissing the exceptions filed by the respondent, it is only necessary to refer to the second.

It is well settled that the party who pleads an estoppel must be one who was adversely affected by the act which constitutes the estoppel.    Cuttle v. Brockway, 32 Pa. 45.

Had the residuary legacies been distributed to a sequestrator, the expenses of the trust would have been imposed upon them, and the deficiency created by the widow's election increased to that extent.    It is evident, therefore, that the respondent, instead of being adversely affected by the distribution being made to the residuary legatees may be benefited thereby, and that the residuary legatees are not thereby estopped.    Moreover, as they were required to give and gave security to secure compensation to Mrs. Hastings, who is the only other disappointed claimant and whose equities are superior to theirs, the residuary legacies were in effect sequestered.

The assignments of error specified the action of the court in entering the decree of February 17, 1886; in sequestering the rents and income of one half of the real estate; in decreeing that Mrs. Bigham forthwith account for and pay to said sequestrator the rents and income received by her from the undivided one half of said real estate; in finding as a fact that the residuary legatees were disappointed; and in finding that Mrs. Hastings was a disappointed annuitant.

*Marshalls & Imbrie*, for appellant.—The orphans' court has only statutory jurisdiction.    Orphans' Court use of Groff v. Groff, 14 Serg. & R. 181; Weyand v. Weller, 39 Pa. 443; Act 16 June, 1836, § 19 (P. L. 1836, p. 792, Purdon's Digest,

The act of May 19, 1874, establishing separate orphans' courts in Philadelphia, Allegheny, and Luzerne counties, simply provides that "said courts shall have and exercise all the jurisdiction and powers now vested in or which may hereafter be conferred upon the orphans' and registers' courts of the said counties."

The orphans' court has not the general jurisdiction of a court of equity. Brinker v. Brinker, 7 Pa. 55.

But within the limited sphere of its jurisdiction it is essentially such. Com. v. Common Pleas Judges, 4 Pa. 303.

The orphans' court has no jurisdiction of a controversy between coheirs as to matters which have arisen since the decrease of their ancestors. Re Landis, 2 Phila. 217.

The orphans' court has jurisdiction in cases of legacy but not of devise, nor to compel the payment of profits of devised land for maintenance of minor children. McCullough's Appeal, 12 Pa. 197. See also Willard's Appeal, 65 Pa. 265; Snyder's Appeal, 36 Pa. 166, 78 Am. Dec. 372.

The orphans' court has no jurisdiction for the recovery of a legacy, unless the same is charged on or payable out of real estate. An executor sued for a legacy may set off a certificate of a balance found by a jury to be due to him as defendant in a previous suit brought for part of the same legacy. Galloney's Appeal, 6 Pa. 37, Affirmed in Willard's Appeal, 65 Pa. 265.

Loomis's Appeal, 10 Pa. 387, establishes only the power of the orphans' court to marshal assets, etc. It does not decide, and there is no case we have seen which does decide, that an original proceeding like this, not ancillary to anything before the court, can be maintained.

The only power of the orphans' court to appoint a sequestrator is as part of an execution or attachment proceeding. Act 29 March, 1832 (P. L. 1832, § 57; Brightly's Purdon's Digest, 1872, p. 1106).

*J. M. Stoner, J. P. Brown,* and *W. M. McGill,* for appellees. —So far as necessary, the benefits in the will intended for the widow must be sequestered, in order to secure compensation to those claimants under the will whom the widow's refusal disappoints. Young's Appeal, 32 Pittsb. L. J. 316 and cases therein cited; McReynolds v. Counts, 9 Gratt. 242; Firth v. Denny, 2 Allen, 468.

Under the act of June, 16, 1836, § 19 (Purdon's Digest, 1104, p. 8), the orphans' court is given jurisdiction over, *inter alia*: (1) The distribution of the assets and surplusage of the estates of decedents, after such settlements (accounts of executors and administrators) among creditors and others interested; (2) proceedings for the recovery of legacies; (3) all cases in which executors, administrators, guardians, or trustees are possessed of, or undertake the care and management of, or are in any way accountable for, the real or personal estate of a decedent.

The case under consideration is distinctively a case of the distribution of the surplusage of a decedent's estate among the persons interested. The refusing widow is the only creditor, if such she may be called. Her claims have been satisfied, but in satisfying her claims the appellees have been injured. Equity then preserves, as far as possible, the benefits given the widow by the will; and this for the purpose of compensating the appellees. Under the will the widow had a life estate in all the real estate. Under the intestate laws she takes a life estate in one half of the real estate. The remaining benefit intended for the widow is the one half interest in the real estate during the life of the widow, and this must be distributed to the appellees until they are fully compensated. Young's Appeal, 32 Pittsb. L. J. 316.

It being, then, a matter of distribution, the orphans' court has ample power to inquire into and determine all questions standing directly in the way. Dundas's Appeal, 73 Pa. 474; Linsenbigler v. Gourley, 56 Pa. 166, 94 Am. Dec. 51; *Re* Barklay, 10 Pa. 390; McGettrick's Appeal, 98 Pa. 9; Brown's Appeal, 89 Pa. 139; Grove's Appeal, 103 Pa. 566.

This is a proceeding for the recovery of legacies: (1) by Jane D. Hastings of the arrears and annual balance of her annuity not produced from the fund in the hands of the safe deposit company; (2) by the residuary legatees of that portion of their legacies which has been withdrawn from them by the widow's refusal to take under the will.

The annuity was charged upon the life estate in the realty devised to the widow, for there was a blending of the real and personal estate in the devise out of which said annuity was to be paid.

Since the act of 1834 the remedy to recover a testamentary

charge on land is exclusively in the orphans' court. Hart v. Homiller, 20 Pa. 248; Swoope's Appeal, 27 Pa. 58; Newman's Appeal, 35 Pa. 339; Pierce v. Livingston, 80 Pa. 99; Dundas's Appeal, 73 Pa. 474.

Equity relieves, in cases of this kind, on the ground of trust. The remaining moiety of the life interest in the real estate is stamped with a trust in favor of the annuitant and residuary legatees. The trust is the equitable offspring of the testament and the widow's refusal, and is in effect a testamentary trust; and in all cases of testamentary trusts, the orphans' court has at least concurrent jurisdiction. Brown's Appeal, 12 Pa. 333; Lewis v. Lewis, 13 Pa. 79, 53 Am. Dec. 443.

When once a court of equity takes cognizance of a litigation, it will dispose of every subject embraced within the circle of contact, whether the question be of remedy or of distinct yet connected topics of dispute. 12 Pa. 63; 21 Pa. 340.

PER CURIAM:

For reasons given in the opinion of the learned judge of the court below, we affirm the case.

Decree affirmed and the appeal dismissed, at the costs of the appellant.